Spear, J.
It is conceded that the mortgage of the assignor and her husband to the Company is a valid lien and is the first lien. The question is simply one of amount. The controversy centres about the claim of the Company for rents of the property accruing and received by the assignee after the assignment and prior to the sale, and to fines for non-payment of dues and premium up to the date of the sale. From the record it appears that the mortgage is of the usual building association form. It contains the following provision, viz.:
“Katie i\i. Straub and John W. Straub, in consideration of three thousand, five hundred dollars, the value of seven shares of its capital stock to them paid by the St. Bernard Loan & Building Association Company, a corporation under the laws of Ohio, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey to the said The St. Bernard Loan & Building Association Company, its successors and assigns the following real estate, viz.: (description of property same as in petition) and all estate, right, title and interest of the said Katie M. Straub and John W. Straub, either in law or in equity, of, in and to the said premises, together with all the privileges and appurtenances to the. same belonging, and all the rents, issues and profits thereof. Provided, nevertheless, that if said Katie M. Straub, who has become a member of said Company, and has subscribed for-share therein, to be paid in weekly installments of fifty cents per share, and has received in advance from said Company, said sum of three *415 thousand, five hundred dollars, the value of said shares, shall pay or cause to be paid to the said The St. Bernard Loan and Building Association Companv, according to its constitution and by-laws, and without demand therefor, the • following sums of money from the date hereof, until such time as thcdues paid in, together with dividends credited, shall amount to said sum of thirty-five hundred dollars, in the following mannerThen follow stipulations for payment of weekly dues, for interest on the loan payable weekly, for premiums on the shares payable weekly, and payment of fines, assessments and penalties incurred or levied in accordance with the constitution and by-laws.
It was held by the court below that the rents collected by the assignee should be paid, so far as necessary to satisfy it, upon the mortgage, and that the Company was also entitled to collect fines to the day of sale, and these conclusions are assigned as error.
1. As to the rents the contention is based upon the proposition that the mortgagee’s interest is personal merely, the mortgagor remaining the real owner of the property and entitled to possession subject only to the mortgagee’s right to foreclose, and hence the mortgagee is not entitled to rents and profits until he has taken actual possession himself, or constructive possession by a receiver, and an assignee is not such receiver; that the Company’s case is not helped by the fact that the mortgage included the rents as well as the land because the assignment carried the right to rents to the assignee for the benefit of general cred itors, and the only way the Company could have reached the rents was by the commencement of a foreclosure suit, and the appointment of a receiver, and that it could not do after the assignment since the *416 probate court acquired exclusive jurisdiction over the land.
The contention' is plausible, but we think it is not sound. To assume that the assignment carries to the assignee the right to future rents as against the mortgagee is to take for granted the very matter in controversy. It is to ignore an essential, and, as we think, a controlling condition of the mortgage, viz.: the pledge of the rents, issues and profits. True it is, that, ordinarily, the mortgagor has the right to receive as his own the rents of the real estate so long as he remains in possession. But the mortgagor in this case yielded possession to one who took the property burdened with the duty to administer it for the benefit of creditors, and then the question ceased to be one between the mortgagor and the mortgagee exclusively, and became a question between creditors themselves. The question then is who, among the creditors, has the first right? Those who have general claims only or one Avho has not only a general claim but a specific lien upon the thing assigned, and upon whatever issues out of. it? Manifestly in equity the mortgagee had the right, by virtue of the stipulations in the mortgage, to sequester the rents, and the only question remaining is as to the manner of enforcing such right. Ordinarily the method Avould be by the appointment of a receiver auxiliary to a foreclosure suit. But Avhy should that be held to be the only Avay? That holding would make it impossible for the mortgagee to avail himself of his right, for the estate having passed into the exclusive jurisdiction of the probate court, no other court could interfere with the probate court’s control of the property, and the effect Avould be to put it in the power of the debtor to defeat, by assignment of his property, the enforce *417 ,ment of a just and legal lien upon it. That a debtor possesses no such right is elementary.
We think it clear that the right of the mortgagee to proceed against the land for the satisfaction of his mortgage was transferred to the fund arising out of the land, whether from the rents or the sale, or both, and the fund being thus in the custody of the court its distribution should be determined on equitable principles. Nor can it make any difference that the fund was acquired through the process of assignment rather than by the appointment and action of a receiver, for, to all intents and purposes obtaining in the present case, there is no essential difference between the two. Each is an arm of the court for the purpose of working out the rights, equitable as well as legal, of the parties. And the mortgagee having the right to resort to the rents as well as to the land itself for the satisfaction of its debt, a refusal to make such application of the fund would have been a denial of that right. There is no error in this particular. Bausman & Herrs App., 90 Pa. St., 178; Wolf's App., 106 Pa. St., 545; First Nat'l Bank v. Ill. Steel Co., 72 Ill. App., 640.
2. As to the matter of fines, the claim of the plaintiff in error is that the right to them terminated with the assignment; that the effort now is in effect to collect of the assignee; and that, when the Company filed its cross-petition, it elected to forfeit the stock for non-payment and declare the debt due, which action terminated Mrs. Straub’s membership in the Company, and she was no longer obliged to pay dues, and that obligation having terminated,- the obligation to pay fines was at an end.
This proposition also assumes that the mortgagor could relieve herself of the obligations imposed by *418 her contract by an assignment. It is not tenable. The assignment could have no such consequence. And, whatever might have been the effect upon the contract of the commencement by the Company of a foreclosure suit, had it resorted to such action, we are of opinion that the filing of its answer and cross-petition did not impair its right to fines, at least to the date of sale, the sale having-been ordered prior to the decree finding the amount due the mortgagee. It did not seek the forum, but became a party in invitum, and could not do less than assert its claim when thus .brought in. Otherwise its rights would have been lost. See Hagerman v. Ohio B. & S. Assn., 25 Ohio St., 186.

Judgment affirmed.

Minshall, C. J., and Burket, Davis and Shauck, JJ., concur.
Williams, J., concurs in the judgment as to rents only.